UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

CLYDE RAEL and JUANITA RAEL,       )
                                               )
           Plaintiffs,            )
                                               )
        vs.                     )       1:06-cv-0081-JDT-TAB
                                             )
P. ADAM DAVIS, DAVIS & SARBINOFF,   )
LLP, Attorneys at Law, and KELLER HILL   )
HEIGHTS HOMEOWNERS              )
ASSOCIATION, an Indiana For-Profit     )
Corporation,                        )
                                              )
           Defendants.            )

## ENTRY ON MOTION TO DISMISS (DOCUMENT NO. 21)[1]

This case was triggered by another.  Defendants, P. Adam Davis and Davis &

Sarbinoff, LLP (together the "Davis Defendants"), filed a lawsuit in Morgan County

Superior Court on behalf of their client, the Keller Hill Heights Homeowners Association

(the "Association"), against Plaintiffs, Clyde Rael and Juanita Rael.  The Davis

Defendants sought injunctive relief and attorney's fees.  Plaintiffs responded by filing

this suit.  They claim that the Davis Defendants violated the Fair Debt Collection

Practices Act ("FDCPA" or "Act") and Indiana's deception statute and attorney deceit

statute.  They claim the Association is liable for deception and vicariously liable for the

Davis Defendants' non-FDCPA torts.

---

[1]  This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Now before the court is a motion to dismiss pursuant to Rule 12(b)(6) filed by the Davis Defendants, seeking dismissal of the amended complaint against them and an award of costs and attorneys' fees, incurred in defending the action.  The court granted the Association's motion to join in the motion to dismiss.  Thus, all Defendants seek dismissal for failure to state a claim upon which relief can be granted.

I.      **Background**[2]

On July 20, 2005, the Association, acting through the Davis Defendants, its attorneys, filed a "Complaint for Damages and Injunctive Relief" against Plaintiffs in *Keller Hill Heights Homeowners' Association, Inc. v. Clyde Rael and Juanita Rael*, in the Morgan County Superior Court, Cause No. 55D01-0507-PL-0446 ("underlying action") (See Am. Compl. ¶ 17 & Ex. B.).  That complaint is brief and the body is stated here:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW plaintiff, Keller Hill Heights Homeowners' Association, Inc., (the "Plaintiff") by counsel, and for its Complaint against defendants, Clyde and Juanita Rael, (the "Defendants") states:

**Common Allegations**

1.      Plaintiff is an Indiana non-profit corporation incorporated and existing under the laws of the state of Indiana located in the Keller Heights subdivision, in Mooresville, Morgan County, Indiana ("Keller Heights").

2.      Keller Heights was established upon the recording of the DEDICATION OF KELLER HILL HEIGHTS recorded as Instrument No. #9314450 in the Office of the Recorder of Morgan County, Indiana, as amended (the "Dedication").  A true copy of the Dedication is attached hereto as Exhibit "A".

---

[2]  These facts are taken from the Amended Complaint and are assumed true for purposes of ruling on the motion to dismiss.

3.      Defendants are the record owner and occupants of certain real property in Keller Heights commonly known as 1065 Wildflower Court, Mooresville, Indiana 46158 (the "Real Estate").

4.      Defendants have an above ground swimming pool (the "Pool") located on the Real Estate.

5.      Pursuant to Section 25 of the Dedication, "Above ground swimming pools are not permitted on any lot[]" in Keller Heights.

6.      The Dedication further provides that in the event of a violation of the Dedication, the Plaintiff shall have the right to enforce the Dedication and to pursue any and all remedies available under Indiana law, including the right to secure injunctive relief of [sic] secure removal by due process of any structure not in compliance with the Dedication, and shall be entitled to recover attorney fees and the costs and expenses incurred as a result thereof.

7.      The Pool exists on the Real Estate in violation of the Dedication.

8.      The Defendants have continually refused to remove the Pool from the Real Estate despite the Plaintiff's numerous requests to do so.

**WHEREFORE**, plaintiff, by counsel, requests that the Court:

A.      Enter judgment in Plaintiff's favor, including all attorney fees, costs, all other expenses associated with this action, including the filing of any related notices and or liens and the costs of removal of the Pool from the Real Estate, and all other just and proper relief;[3] and,

B.      Issue an order permitting the Plaintiff, its agents, and any labor hired by Plaintiff for purposes of removal and remediation to enter upon the Real Estate to secure removal of the Pool.[4]

On the third page under the space for the attorney's signature (and apparently signed by Defendant P. Adam Davis), is the following:

This is an attempt to collect a debt that you owe Keller Heights Homeowners Association, Inc. . . . **This is an attempt to collect a debt.**

---

[3]  The Raels characterize this as the "debt portion" of the complaint.  (Compl. ¶ 17.)

[4]  The Raels characterize this as the "injunctive portion" of the complaint.  (Compl. ¶ 17.)

**Any information obtained will be used for that purpose.  This communication is from a debt collector.**

The state court lawsuit was still pending when Plaintiffs filed this action.

The Association's Dedication includes a restrictive covenant, which expressly forbids homeowners, including Plaintiffs, from keeping an above-ground swimming pool on their property.  (*See* Compl. ¶ 22 and Ex. B.)  Plaintiffs maintained such a pool on their property and refused to remove it when requested to do so by the Association.  As a result, the Association filed the underlying action to enforce the Dedication.

The Raels contend that the Davis Defendants are "debt collectors" as defined by the FDCPA and that their request for an award of attorney's fees in the underlying action constitutes an attempt to collect a debt.  The Raels allege the Davis Defendants are therefore subject to the requirements of the FDCPA.  They further allege that all Defendants knew there was no factual or legal basis to support the request for attorney's fees.  (*Id.* ¶ 34.)  Therefore, they claim that the Davis Defendants violated the FDCPA, Indiana Code § 35-43-5-3(a)(2) (deception), and Indiana Code § 33-43-1-8 (deceit or collusion of an attorney).  (*Id.* ¶¶ 46-48.)  The Raels further claim that the Association violated Indiana Code § 35-43-5-3(a)(2) and is liable for its own torts and vicariously liable for the non-FDCPA torts of the Davis Defendants.  (*Id.* ¶¶ 49-50.)  The Plaintiffs allege this court has federal question jurisdiction over the FDCPA claims and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

## II.    Analysis

### A.  12(b)(6) Standard

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiffs.  *McMillan v. Collection Prof'ls Inc.*, 2006 WL 1867483, at *2 (7th Cir. July 7, 2006).  A claim survives a Rule 12(b)(6) motion "if relief could be granted under any set of facts that could be proved consistent with the allegations."  *Id.*  However, plaintiffs may plead themselves out of court by "alleging facts which show that [they have] no claim, even though [they were] not required to allege those facts."  *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) (quotation omitted).[5]

The Defendants contend the Amended Complaint and exhibits conclusively establish that the Raels cannot prove any set of facts to show (1) that Defendants made any false representations or acted with intent to deceive the Plaintiffs, (2) the existence of a "debt" under the FDCPA, and (3) that the Plaintiffs have sustained damages.  The Defendants seek an award of attorney's fees under 15 U.S.C. § 1692k(a)(3), alleging

---

[5]   However, this is not a case in which facts relevant to the legal issues raised in the 12(b)(6) motion are in dispute.  The Plaintiffs concede the facts discussed in the Background section above.  Nor is it a case in which the Plaintiffs contend that additional facts could be discovered during litigation which would add to or contradict the facts relevant to the 12(b)(6) issue discussed herein.  The Plaintiffs did assert in their response brief that some other facts, such as advice that the Association received from counsel about the absence of an attorney fees provision in the Declaration, are relevant, but they are not.  Thus, the legal adequacy of the Plaintiffs' FDCPA theory can be reached at the 12(b)(6) stage of this case.

that the FDCPA claims are wholly without merit and made in bad faith and for purposes

of harassment.  The question whether the Raels can prove the existence of a "debt"

within the scope of the FDCPA carries the day.

**B.     FDCPA Claims**

For the Plaintiffs to recover under the FDCPA, they must prove the existence of a

"debt" as defined in the FDCPA.  *See, e.g.*, *Hawthorne v. MAC Adjustment, Inc.*, 140

F.3d 1367, 1371 (11th Cir. 1998); *Mabe v. G.C. Servs., L.P.*, 32 F.3d 86, 88 (4th Cir.

1994); *Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1204 (D. Colo. 2003).  The FDCPA

defines a "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising
> out of a transaction in which the money, property, insurance, or services
> which are the subject of the transaction are primarily for personal, family,
> or household purposes, whether or not such obligation has been reduced
> to judgment.

15 U.S.C. § 1692a(5).  "[N]ot all obligations to pay are considered 'debts' under the Act.

. . ."  *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th

Cir. 1997).

Beginning generally with the meaning of "debt" under the Act, the Seventh Circuit

in *Bass* considered whether a payment obligation that arises from a dishonored check

constitutes a "debt".  The defendant law firm argued that "debt" under the FDCPA was

limited to debts that arose from the offer or extension of credit.  The court rejected this

argument, relying on the plain language of the FDCPA.  *Bass*, 111 F.3d at 1325.  The

court said: "As long as the transaction creates an obligation to pay, a debt is created."
*Id.*  The court also considered the meaning of the word "transaction" as used in the Act
and gave it an ordinary meaning: a type of business dealing between parties.  *Id.* (citing
*Webster's New World Dictionary* 1509 (2d ed. 1986) (defining "transaction" as "a
business deal or agreement").  The court then added that the "FDCPA limits its reach to
those obligations to pay arising from consensual transactions, where parties negotiate
or contract for consumer-related goods or services."  *Id.* at 1326; *see also Mabe*, 32
F.3d at 88 (obligation to pay child support not a "debt" under FDCPA because not
incurred in exchange for consumer goods or services).  Thus, to qualify as a "debt"
within the scope of the FDCPA, there must be an obligation to pay that (1) arises out of
a transaction, that is, a business dealing between parties, (2) which transaction is
consensual, and (3) is for consumer-related goods or services.

Turning to a more specific question—whether a request for attorney's fees in a
complaint in an underlying lawsuit constitutes a "debt" under the Act—other courts have
held that it does not.  *Rosado v. Taylor*, 324 F. Supp. 2d 917, 925-26 (N.D. Ind. 2004);
*Cook*, 278 F. Supp. 2d at 1205; *see also Argentieri v. Fisher Landscapes, Inc.*, 15 F.
Supp. 2d 55, 61-62 (D. Mass. 1998) (stating that the claim that the lawyer "violated the
FDCPA simply by including a generic prayer to the court for an award of attorney's fees
is this simple contract dispute—strains credulity.").

In *Rosado*, a lawyer, Taylor, brought a foreclosure action against Ms. Rosado.
The foreclosure complaint alleged that Rosado owed a debt and sought to recover a
lien on the property to secure the judgment, and requested attorney's fees.  The

7

complaint also contained a FDCPA Notice.  Rosado's federal suit alleged that the

request for attorney's fees violated the FDCPA.  *Rosado*, 324 F. Supp. at 921-22.  The

court held that the request for attorney's fees was not within the scope of the FDCPA.

*Id.* at 926.  The court reasoned that the "debt" at issue was the attorney's fees and they

were not in default when the attorney sought them.  Thus, the attorney was not acting

as a "debt collector"[6] under the FDCPA in seeking the fees, and the FDCPA did not

apply.  *Id.*  The court added that if the underlying action had been one for a monetary

judgment against Rosado, then the effort to collect attorney's fees would "concern" a

debt in default.  However, the underlying action was one for foreclosure, not a monetary

judgment and the request for fees therefore did not concern a debt in default.  *Id.*

The plaintiff in *Cook* sued an attorney and his firm under the FDCPA.  The

attorney and firm, on behalf of a property management company, the landlord, had sued

Cook, a tenant, in state court seeking eviction.  The complaint in the eviction action

included a demand for an attorney fee award, which Cook alleged constituted an

unlawful attempt to collect a debt in violation of the FDCPA.  *Cook*, 278 F. Supp. 2d at

1203.  The court disagreed, relying on the circuit consensus that a "debt" under the

FDCPA is created only when a transaction creates an obligation to pay.  *Id.* at 1204-05.

The court concluded that the demand for attorney's fees in the eviction action and any

right the landlord had to such fees "would have arisen out of the legal proceedings in

the [eviction] action and not out of any consumer transaction with Cook. . . ."  *Id.* at

---

[6]  The Act excludes from the definition of "debt collector" a person attempting to collect a
debt "to the extent such activity . . . concerns a debt which was not in default at the time it was
obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).

1205.  Therefore, the court held that the demand for attorney's fees did not constitute a "debt" or a communication regarding a "debt" and the FDCPA was inapplicable.  *Id.*

Finally, in *Argentieri*, the court held that the prayer for relief in a complaint filed in a state court contract dispute was not an attempt to collect a debt under the FDCPA. Despite noting no legal or contractual basis for the request for attorney's fees, *Argentieri*, 15 F. Supp. 2d at 62 n.7, the court found it was "abundantly clear":

> that a request for attorney's fees under the circumstances of this case does not violate the FDCPA. A prayer for relief in a complaint, even where it specifies the quantity of attorney's fees, is just that: a request to a third party-the court-for consideration, not a demand to the debtor himself. A request for attorney's fees ultimately rests upon the discretion of the court and a determination of applicability at a later stage of the litigation.

*Id.* at 61.  The court reasoned that the "whole purpose" of the Act was to "supervise" certain debt collection contacts, such as late-night telephone calls, and a pleading is supervised by the court and carefully watched by opposing counsel.  *Id.* at 62.

In this case, the court concludes that any obligation the Raels might have arising from the Defendants' request for attorney's fees in the state action does not constitute a "debt" within the scope of the FDCPA.  Any obligation to pay attorney's fees would arise out of litigation and an award of fees and not out of a business dealing between the Raels and the Davis Defendants, or, for that matter, the Association.  Thus, the obligation would not arise out of a transaction, let alone a consensual consumer transaction.  Therefore, such an obligation does not constitute a "debt" under the

FDCPA and the FDCPA is inapplicable.[7]  In addition, as in *Rosado*, the attorney's fee

debt was not in default when the state court complaint was filed.  Thus, the Davis

Defendants were not acting as "debt collectors" when they sought fees.  Furthermore,

the court agrees with the view of the district judge in *Argentieri* that the request for fees

was a request to the court to award fees; not a demand on the Raels.  The resolution of

the request ultimately would depend on future events and the judgment of the state

court judge.  Moreover, even though there was no contractual basis for the fee request

and a fee award may have been unlikely given the limited exceptions to the American

Rule regarding payment of fees recognized by Indiana courts, the mere request for

attorney's fees did not violate the FDCPA.[8]

Moving beyond the fee request, the complaint in the underlying action was titled,

"COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF"; the Defendants also

sought in addition to attorney's fees, "costs, all other expenses associated with this

action, including the filing of any related notices and or liens and the costs of removal of

the Pool from the Real Estate;" and the Defendants included a FDCPA notice at the end

of the complaint.  Despite the inclusion of "Damages" in the complaint's title and the

---

[7]  Even if the request for, or award of, fees could constitute a "debt" under the FDCPA, when the complaint in the underlying action was filed and continuing at all times before entry of judgment, that debt was not in default and thus was outside the scope of the FDCPA.  *See Rosado*, 324 F. Supp. 2d at 925-926 (holding request for attorney's fees in mortgage foreclosure action did not concern debt in default and thus was not covered by FDCPA).

[8]  The Davis Defendants could have been anticipating obstreperousness on the part of the Raels and requesting fees in advance of that obstreperousness.  The prohibition on above-ground swimming pools is clearly stated in the Dedication, yet the Raels seem to have refused to remove such a pool from their property when asked to do so.  Knowing that, it would not be out of all bounds for the Defendants to believe that a fee award would be justified under Indiana Code § 34-52-1-1 at the end of the day.

inclusion of the other language, Plaintiffs remain unable to demonstrate a debt under the FDCPA.  Just as with attorney's fees, any obligation the Raels would have to pay costs, including costs of the pool's removal, and other expenses associated with the underlying action, including the filing of related notices or liens would arise out of the state litigation and a court award rather than any consensual consumer transaction. The prayer for such costs and expenses was only a request to the court to make an award; it was not a demand on the Raels.  Further, such costs and expenses would not have been in default at the time they were sought, so the Defendants would not have been acting as "debt collectors" under the Act in seeking them.

Thus, the court concludes that the prayer for costs and expenses did not come within the FDCPA.  These conclusions apply equally to the request for and all other just and proper relief.  As for the inclusion of the word "DAMAGES" in the complaint's title, the Raels offer no legal authority for the proposition that the inclusion of this word could create a debt under the FDCPA where none exists.  Nor have they offered any legal authority for the proposition that the inclusion of the FDCPA notice stating that this was an attempt to collect a debt could expand the scope of the Act so as to include activity that was not debt collection activity.

Plaintiffs liken their situation to that in *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997).  But this case is nothing like *Newman*.  There the issue was whether assessments owed to a condominium association and homeowners association qualified as "debts" under the FDCPA.  The Seventh Circuit held that they did.  *Id.* at 481.  It reasoned that the obligation to pay the assessments arose in

11

connection with the home/condominium purchase—a transaction creating an obligation to pay and, thus the assessments constituted "debts" under the FDCPA. *Id.* Here, in contrast, the Defendants sought to enforce the Raels' agreement to comply with the restriction in the Dedication forbidding them as homeowners in Keller Heights from having an above-ground swimming pool on their property.[9]  The financial obligation to pay an assessment in *Newman* and the obligation to abide by the restrictions in the Dedication are drastically different.  The former involves an "obligation to pay" and is properly considered a "debt"; the latter does not.

The court determines that the Plaintiffs' allegations show that they cannot prove the existence of a "debt" under the FDCPA which is essential to their federal claims. Therefore, the court finds that the Plaintiffs have failed to state a claim under the FDCPA.

**C.     State Claims**

Having determined that the FDCPA claims must be dismissed for failure to state a claim and being unaware of any good reason to exercise jurisdiction over the supplemental state claims, the court relinquishes jurisdiction over the latter claims.  *See* 28 U.S.C. § 1367(c)(3); *Crowley v. McKinney* 400 F.3d 965, 968 (7th Cir. 2005).  The state claims will be dismissed without prejudice to filing in an appropriate state forum.

---

[9]  Plaintiffs state in their Amended Complaint that Defendants sued them "for an 'above ground swimming pool' and not any form of 'assessment, delinquency fee, or interest." (Am. Compl. ¶ 26 n.3.)  Perhaps the outcome of this case would be much different had the Defendants sued the Raels for some type of fee or assessment.

### D.      Request for Fees Under 15 U.S.C. § 1692k(a)(3)

The Defendants request attorney's fees under the FDCPA.  The Act allows the court to award a reasonable attorney's fee upon finding that an action was brought in bad faith and for the purpose of harassment.  15 U.S.C. § 1692k(a)(3).  The entire action, not just the FDCPA claims, must have been brought in bad faith and for harassment.  *See Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 775 (7th Cir. 2003).  The Defendants have not argued that the state law claims were brought in bad faith and for the purpose of harassment.  Besides, the court declines to retain jurisdiction over them and renders no opinion on their merits.  So, the request for fees is **DENIED**.

### III.    Conclusion

The Plaintiffs are unable to establish a "debt" under the FDCPA which is essential to their federal claims.  Thus, the Defendants' motion to dismiss for failure to state a claim (document no. 21) will be **GRANTED**.  The FDCPA claims will be dismissed with prejudice and the supplemental claims will be dismissed without prejudice to filing in a state forum.  A separate judgment to that effect will be issued. The Defendants' request for attorney's fees is **DENIED**.

ALL OF WHICH IS ENTERED this 11th day of August 2006.

_____

John Daniel Tinder, Judge
United States District Court

13

Copies to:

Daniel K. Burke
Hoover Hull LLP
dburke@hooverhull.com

Michael A. Dorelli
Hoover Hull LLP
mdorelli@hooverhull.com

G. Ronald Heath
Hoover Hull LLP
grheath@hooverhull.com

Clifford W. Shepard
consprolaw@aol.com

David E. Wright
Kroger Gardis & Regas
dew@kgrlaw.com